UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Luis Oscar Rodriguez-Villegas
(A-Number: A-245-595-839),

Petitioner,

v.

Warden, California City Correction Center;
Caleb Vitello; Alejandro Mayorkas; and
U.S. Immigration and Customs Enforcement
(ICE), a component of Department of
Homeland Security,

Respondents.

No.  1:26-cv-03950-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN FOURTEEN
DAYS

Doc. 1

Petitioner Luis Oscar Rodriguez-Villegas is an immigration detainee proceeding with a petition for writ of habeas corpus and a motion for immediate release, which the Court construed as a motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents argue that this case is factually distinguishable because petitioner was convicted of a misdemeanor traffic offense and

1

was arrested for drug-related offenses prior to his detention by immigration officials. Doc. 6 at 1–2. But respondents do not argue that petitioner's arrest or conviction shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). *See id.* at 1–5.

Respondents also argue that this case is distinguishable from cases where a petitioner is encountered at the border and released on their own recognizance because the government does not have a record of petitioner's entry. Doc. 6 at 4. In his petition, petitioner provided a document indicating that immigration authorities previously released him on his own recognizance. Doc. 1 at 8. Moreover, respondents' own records indicate that petitioner entered the country on 12/12/2023 and that "[o]n 12/14/2023, U.S. Border Patrol arrested [petitioner] and issued him a Notice to Appear." Doc. 6-2 at 2. Given this, there is no basis for the government's assertion that it lacks any record regarding petitioner's entry into the country.

Respondents contend that the appropriate remedy is a bond hearing at which petitioner bears the burden of proving he is not a danger or a flight risk. Doc. 6. at 5. When a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).

Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a

2

justification for the re-detention." *Id.* The Court will therefore order respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Luis Oscar Rodriguez-Villegas (A-Number: A-245-595-839) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.[1]

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   June 18, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3